# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT FARWELL,

Plaintiff,

v.

CABRERA, *et al.*,

Defendants.

Case No. 1:26-cv-09401-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S REQUEST FOR TEMPORARY EMERGENCY INJUNCTION ORDER

(ECF No. 3)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Robert Farwell ("Plaintiff") is a state prisoner *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 16, 2026. (ECF No. 1.) The complaint has not yet been screened.

Currently before the Court is Plaintiff's request for a temporary injunction order, filed November 16, 2026. (ECF No. 3.) Plaintiff moves for a Court order to stop Defendants Cabrera and Vice Principal V. Yerger at Pleasant Valley State Prison ("PVSP) from charging 10 cents per page for free court forms and withdrawing these monies from Plaintiff's and other incarcerated persons' trust accounts. (*Id.*) Plaintiff additionally requests that (1) he not be retaliated against by correctional or law library staff at PVSP or any other facility in California, (2) he not be removed from his current living quarters without his consent without probable cause; (3) he enjoy

unrestricted access to the law library for purposes of enacting or maintain any and all legal filings and court matters, within institutional policy and schedule; and (4) he not be harassed by library staff while at the law library or on Delta Yard at PVSP. (*Id.*)

The Court construes the request as a motion for preliminary injunction.

**I. Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The

Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

As noted above, the complaint has not yet been screened, and this action does not yet proceed on any cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over Defendants Cabrera and Yerger, any other law library or correctional staff at PVSP, PVSP generally, or the California Department of Corrections and Rehabilitation.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balances of equities tips in his favor, or that an injunction is in the public interest.

**II. Order and Recommendation**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's request for temporary emergency injunction order, (ECF No. 3), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d

834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 18, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE